# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INTEGRATED FINANCIAL ASSOCIATES, INC., a Nevada corporation,<br><br>             Plaintiff,<br><br>    vs.<br><br>RANDALL W. BLANCHARD, an individual; MARYNN BLANCHARD, an individual; DOES I through X, inclusive; ROE ENTITIES I through X, inclusive,<br><br>             Defendants. | Case No.: 2:10-cv-00986-RLH-LRL<br><br>**O R D E R**<br><br>(Motion to Dismiss, Forum Non Conveniens, or in the Alternative, Motion to Stay–#14) |

Before the Court is Defendants Randall W. Blanchard and Marynn Blanchard's (collectively, the "Blanchards") **Motion to Dismiss, *Forum Non Conveniens*, or in the Alternative, Motion to Stay** (#14), filed July 21, 2010. The Court has also considered Plaintiff Integrated Financial Associates, Inc.'s ("Integrated") Opposition (#20), filed August 13, 2010, and the Blanchards' Reply (#21), filed August 23, 2010.

/

/

/

1

AO 72
(Rev. 8/82)

**BACKGROUND**

This case arises out of the procurement of numerous loans and the personal guarantees that a longtime California businessman, Mr. Blanchard, gave to Integrated for those loans. Unless otherwise stated, the following facts are as alleged by Integrated. Mr. Blanchard created various single-purpose entities to purchase various plots of real estate, mainly in California. Through Mr. Blanchard, these entities obtained loans from Integrated. Mr. Blanchard also personally guaranteed these loans and waived any right he had to require Integrated to seek a right or remedy from the business entities before seeking that right or remedy directly from Mr. Blanchard. The various entities eventually defaulted on these loans and Integrated entered into negotiations with Mr. Blanchard to resolve the problems. However, on March 29, 2010, instead of continuing negotiations with Integrated, Mr. Blanchard filed suit against Integrated in California state court (the "California Action"). In the California Action, Mr. Blanchard alleges that the loans are usurious and otherwise violate multiple California laws and are therefore void.

Following Blanchard's filing of the California Action, Integrated filed seven separate suits against the Blanchards in the Eighth Judicial District Court of the State of Nevada. Five of these suits were removed to this Court and consolidated into a single action. The two cases remaining with the Eighth Judicial District Court were also consolidated into a single action and since stayed pending further proceedings in the California Action. For the reasons stated below, this Court also stays this case pending further proceedings in the California Action.

**DISCUSSION**

**I.   Integrated's Contention**

Integrated contends that it should not be forced to chase the Blanchards into California to litigate. While this may be true, Integrated's contention is ultimately irrelevant because it does not represent the current situation. A stay or dismissal by this Court would not force Integrated to chase the Blanchards into California to litigate. Integrated has already been sued by the Blanchards in California and is already participating in that litigation. Therefore,

Integrated is not chasing anyone anywhere. Integrated is free to bring counterclaims in the California Action or to wait and proceed here after those proceedings finish.[1]

**II.     Stay**

The Blanchards request either dismissal of this case under the doctrine of *forum non-conveniens* or, in the alternative, a stay of these proceedings. While dismissal under the doctrine of *forum non-conveniens* may be an appropriate method to dispose of this case, the Court prefers to stay the case instead. "[A] federal court may stay its proceedings based on comity even when none of the abstention doctrines requires that it do so." *Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202–03 (1988)). This is a situation where comity and similar principles apply more so than being an issue of an inconvenient forum. Here, the circumstances of the litigation compel the Court to issue a stay pending further proceedings in the California Action for the following reasons.

The California Action was filed first and addresses the validity of the loans at issue in this case. This Court should not address issues relating to liability on these loans when a suit attacking their validity has already been filed in another court of competent jurisdiction. Additionally, since the California Action was filed first, those proceedings have priority and Integrated's suit in this Court seems to be an attempt at forum shopping because each of Integrated's claims may be brought in California as counterclaims, even if they are not compulsory counterclaims. Integrated has simply chosen to make the matter more complicated by filing suit in Nevada.

Also, proceeding with this case would waste judicial resources with duplicative litigation. Many of the issues presented in this case are concurrently being determined in California and other issues presented here can only be adequately heard after the California court

---

[1] However, the Court notes that the claims Integrated brings here may be compulsory counterclaims under Fed. R. Civ. P. 13(a) that it must bring in the California Action or be waived. If the claims are compulsory counterclaims, Integrated is of course still free not to bring them, but they would then be waived. Nonetheless, the Court does not decide this issue as the Court does not have sufficient information to make that determination.

has made its determinations. California courts certainly have the ability to uphold the law and make these determinations in accord with California law. *See* Jean F. Rydstrom, Annotation, *Stay of Action in Federal Court Until Determination of Similar Action Pending in State Court*, 5 A.L.R. Fed 10 § 6[a] (1970) (current through 2010 supplement). Therefore, the Court will leave these issues to the California court and stay this case pending these determinations. After determination, this Court will proceed if necessary.

Therefore, under the Court's inherent authority and general principles of comity, and the need to avoid duplicative and piecemeal litigation, the Court stays this case pending further proceedings in the California Action. If Integrated's claims are not conclusively addressed and resolved (e.g. by the California court determining that the loans are void or determining liability), this case remains available to litigate its claims.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, *Forum Non-Conveniens*, or in the Alternative, Motion to Stay (#14) is GRANTED, and the matter is stayed pending further order of the Court.

IT IS FURTHER ORDERED that the parties file with this Court a brief status report of the progress of the California Action every six months from the date of this order.

Dated: November 15, 2010.

_____
ROGER L. HUNT
Chief United States District Judge